UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JOJO EJONGA-DEOGRACIAS,<br><br>　　　　　　　　　Plaintiff,<br><br>　　v.<br><br>STEPHEN SINCLAIR, *et al.*,<br><br>　　　　　　　　　Defendants. | Case No. C20-320-RSM<br><br>ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL. |

## I.　INTRODUCTION

Plaintiff proceeds *pro se* in this action brought under 42 U.S.C. § 1983 alleging First, Eighth, and Fourteenth Amendment violations. This matter comes before the Court following remand from the Ninth Circuit Court of Appeals and on Plaintiff's Motion for Appointment of Counsel (Dkt. #72). Because Plaintiff has failed to show the exceptional circumstances necessary to appoint counsel, the Court denies the Motion.

## II.　BACKGROUND

Plaintiff, an inmate at the Monroe Correctional Complex of the Washington State Department of Corrections ("MCC"), filed this action *pro se* under 42 U.S.C. § 1983 alleging violations of his constitutional rights and the Americans with Disabilities Act ("ADA"). Dkt. #6. Plaintiff claims violations under the First and Fourteenth Amendments related to Defendants'

ORDER - 1

enforcement of Department of Corrections policy 450.100-IV, which prohibited Plaintiff from receiving 138 photos in a single mailing from the prosecutor's office. *Id.* at 20. Plaintiff also brings claims under the Eighth Amendment and the ADA regarding conditions at MCC related to mold and noxious smells.

On November 25, 2020, Magistrate Judge Brian A. Tsuchida issued a Report and Recommendation ("R&R") recommending that the Court grant Defendants' Motion for Summary Judgment and dismiss the case with prejudice. Dkt. #45. Following several time extensions, Plaintiff submitted Objections to the R&R on February 17, 2021. Dkt. #53. After reviewing Plaintiff's Complaint, the R&R, Plaintiff's Objections, Defendants' Response, and the documents attached thereto, the Court agreed with the R&R's conclusion that summary judgment dismissal was appropriate. Dkt. #56. Accordingly, the Court adopted the R&R and dismissed Plaintiff's complaint with prejudice. *Id.*; Dkt. #57.

On March 19, 2021, Plaintiff appealed the Court's Order Adopting Judge Tsuchida's R&R and dismissing Plaintiff's complaint. Dkt. #58. Plaintiff was granted leave to proceed *in forma pauperis* on appeal. Dkt. #65. The Ninth Circuit affirmed in part, reversed in part, and remanded the case for further proceedings. Dkt. #71. The Ninth Circuit found that the Court properly granted summary judgment on Plaintiff's Eighth Amendment claim concerning a noxious smell because Plaintiff failed to raise a genuine dispute of material fact as to whether Defendants were deliberately indifferent to an excessive risk to inmate health or safety. Dkt. #70 at 2 (citing *Farmer v. Brennan*, 511 U.S. 825, 837 (1994) (prison officials are liable for denying a prisoner humane conditions of confinement only if they know of and disregard a substantial risk of serious harm)). However, the Ninth Circuit found that Plaintiff raised a genuine dispute of material fact as to whether the Department of Corrections policy 450.100-IV as applied to

ORDER - 2

Plaintiff's mail is reasonably related to a legitimate penological interest and as to whether his incoming mail from the prosecutor's office, concerning his criminal case, should have been processed as legal mail. *Id.* at 3. The Ninth Circuit therefore reversed the Court's Order Granting Summary Judgment on this claim only and remanded for further proceedings.

Plaintiff now brings this Motion and requests the Court appoint counsel to assist him with his case in preparation for trial. Dkt. #72.

### III.   ANALYSIS

There is no right to the appointment of counsel in a § 1983 action, and this Court appoints counsel only in exceptional circumstances. *See Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986). In determining whether exceptional circumstances exist, the Court looks to both plaintiff's ability to articulate his claims *pro se* in light of the complexity of the legal issues involved and the likelihood of success on the merits. *Id.*

In support of his request for appointment of counsel, Plaintiff states that he is indigent, has been permitted to proceed *in forma pauperis*, and is imprisoned which will "greatly affect his ability to prepare for trial, interview witnesses, and effectively prosecute his case." Dkt. #72 at 1–3. Plaintiff misapprehends what constitutes "exceptional circumstances" under 28 U.S.C. § 1915(e)(1).

First, the Court cannot definitively determine whether Plaintiff is likely to succeed on the merits of his remaining claims. Plaintiff does not elaborate on this factor in his Motion except for pointing to the Ninth Circuit's revival of his claim. Defendants argue that Plaintiff's claim at issue that remains after remand is subject to the qualified immunity defense. Dkt. #73 at 3 ("State agents such as defendants who act in reliance on a duly enacted policy or statute are

ORDER - 3

ordinarily entitled to qualified immunity." Citing (*Grossman v. City of Portland*, 33, F.3d 1200, 1209 (9th Cir. 1994)).

Second, the remaining legal issues are not complex, and Plaintiff has shown that he is able to articulate the legal issues and underlying facts, including filing numerous, coherent motions during the course of the litigation. Plaintiff has not shown nor does the Court find that this case involves complex facts or law. Plaintiff has also not shown an inability to articulate the factual basis of his remaining claim in a manner understandable to the Court. Additionally, "Plaintiff's incarceration and limited access to legal materials are not exceptional factors constituting exceptional circumstances that warrant the appointment of counsel. Rather, they are the type of difficulties encountered by many *pro se* litigants." *Dancer v. Jeske*, 2009 WL 1110432, *1 (W.D. Wash. Apr. 24, 2009). As such, the Court finds Plaintiff has failed to show the appointment of counsel is appropriate at this time. Therefore, Plaintiff's request for counsel is denied.

## IV.   CONCLUSION

Having considered the briefing and the remainder of the record, the Court finds and ORDERS that Plaintiff's Motion for Appointment of Counsel, Dkt. #72 is DENIED.

DATED this 7th day of July, 2023.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

ORDER - 4