UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JOJO DEOGRACIAS EJONGA,<br><br>Plaintiff,<br><br>v.<br><br>STEPHEN SINCLAR, *et al.*,<br><br>Defendants. | CASE NO. C20-0320RSM<br><br>ORDER DENYING IN PART AND GRANTING IN PART DEFENDANT'S MOTION FOR SUMMARY JUDGMENT |

This matter comes before the Court on Defendants' Motion for Summary Judgment. Dkt. #78. Having considering the Motion, responsive filings, and the remainder of the record, the Court GRANTS IN PART and DENIES IN PART Defendants' Motion for Summary Judgment.

**II. BACKGROUND**

Plaintiff, an inmate at the Monroe Correctional Complex of the Washington State Department of Corrections ("MCC"), filed this action *pro se* under 42 U.S.C. § 1982 alleging violations of his constitutional rights and the American with Disabilities Act ("ADA"). Dkt. #6. Plaintiff claimed violations under the First and Fourteenth Amendments related to Defendants' enforcement of Department of Corrections policy 450.100-IV, which prohibited Plaintiff from receiving 138 photos in a single mailing from the prosecutor's office. *Id*. at 20. Plaintiff also

ORDER - 1

brought claims under the Eighth Amendment and the ADA regarding conditions at MCC related to mold and noxious smells.

On November 25, 2020, Magistrate Judge Brian A. Tsuchida issued a Report and Recommendation ("R&R") recommending that the Court grant Defendants' Motion for Summary Judgment and dismiss the case with prejudice. Dkt. #45. Following several time extensions, Plaintiff submitted Objections to the R&R on February 17, 2021. Dkt. #53. After reviewing Plaintiff's Complaint, the R&R, Plaintiff's Objections, Defendants' Response, and the documents attached thereto, the Court agreed with the R&R's conclusion that summary judgment dismissal was appropriate. Dkt. #56. Accordingly, the Court adopted the R&R and dismissed Plaintiff's Complaint with prejudice. Id.; Dkt. #57.

On March 19, 2021, Plaintiff appealed the Court's Order Adopting Judge Tsuchida's R&R and dismissing Plaintiff's Complaint. Dkt. #58. Plaintiff was granted leave to proceed *in forma pauperis* on appeal. Dkt. #65. The Ninth Circuit affirmed in part, reversed in part, and remanded the case for further proceedings. Dkt. #71. The Ninth Circuit found that the Court properly granted summary judgment on Plaintiff's Eighth Amendment claim concerning a noxious smell because Plaintiff failed to raise a genuine dispute of material fact as to whether Defendants were deliberately indifferent to an excessive risk to inmate health or safety. Dkt. #70 at 2 (citing *Farmer v. Brennan*, 511 U.S. 825, 837 (1994) (prison officials are liable for denying a prisoner humane conditions of confinement only if they know of and disregard a substantial risk of serious harm)). However, the Ninth Circuit found that Plaintiff raised a genuine dispute of material fact as to whether the Department of Corrections policy 450.100-IV as applied to Plaintiff's mail is reasonably related to a legitimate penological interest and as to whether his incoming mail from the prosecutor's office, concerning his criminal case, should have been

processed as legal mail. *Id*. at 3. The Ninth Circuit therefore reversed the Court's Order Granting Summary Judgment on this claim only and remanded for further proceedings.

### III. DISCUSSION

**A. Summary Judgment Standards**

Summary Judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986). Material facts are those which might affect the outcome of the suit under governing law. *Id*. at 248. In ruling on summary judgment, a court does not weigh evidence to determine the truth of the matter but "only determine[s] whether there is a genuine issue for trial." *Crane v. Conoco, Inc.*, 41 F.3d 5547, 549 (9th Cir. 1994) (citing *Federal Deposit Ins. Corp. v. O'Melveny & Meyers*, 969 F.2d 744, 747 (9th Cir. 1992)). The court views the evidence and draws inferences in the light most favorable to the non-moving party. *Anderson*, 477 U.S. at 255; *Sullivan v. U.S. Dep't of the Navy*, 365 F.3d 827, 832 (9th Cir. 2004). However, the non-moving party must make a "sufficient showing on an essential element of her case with respect to which she has the burden of proof" to survive summary judgment. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

**B. Section 1983 Standards**

To set forth a *prima facie* case under § 1983, a plaintiff must establish a deprivation of a federally protected right. *Baker v. McCollan*, 443 U.S. 137, 140 (1979). The particular harm complained of must be scrutinized in light of specifically enumerated rights. *Id*. That a plaintiff may have suffered harm, even if due to another's negligent conduct, does not itself demonstrate a violation of constitutional protections. *See, e.g.*, *Davidson v. Cannon*, 474 U.S. 344, 347 (1986) ("[W]here a government official is merely negligent in causing the injury, no procedure for compensation is constitutionally required.").

ORDER - 3

### C. Analysis

Defendants have, again, filed for summary judgment in this case. Dkt. #78. Here, Defendants argue that they are entitled to qualified immunity and that Plaintiff's claim for injunctive relief fails. Plaintiff argues that the Ninth Circuit "already determined after a de novo review on appeal that there were genuine dispute[s] of material fact[s]," thus Defendants are not entitled to summary judgment. Dkt. #84 at 4.

On appeal, the Ninth Circuit concluded that Plaintiff "had raised a genuine dispute of material fact as to whether the [mail] policy as applied to Ejonga's mail is reasonably related to a legitimate penological interest and as to whether his incoming mail from the prosecutor's office, concerning his criminal case, should have been processed as legal mail." Dkt. #70 at 3. The Ninth Circuit reasoned that this Court's analysis of Plaintiff's First Amendment claim was incorrect because: (1) Defendants' argument that limiting incoming mail to ten photographs to reduce mailroom workload conflicted with Defendants' reasoning that Plaintiff could have requested fourteen separate mailings; (2) Defendants' argument that the limitation serves a legitimate interest to keep inmates from selling or trading photos "displaying sexual tones" conflicted with Defendants providing no evidence that Plaintiff's photos were sexual in nature; and (3) this Court's conclusion that Plaintiff had alternative means to receive the photos by requesting ten separate mailings was incorrect because "there was no evidence in the record that the King County prosecutor's office would have honored this more burdensome request." *Id*. Defendants have offered no new arguments or evidence to refute the Ninth Circuit's remand Order. *See* Dkts. #78, #85. Accordingly, the Court finds that Plaintiff has raised a genuine dispute of material fact concerning his First Amendment claim, therefore Defendants' Motion is denied.

Defendants also argue that they are entitled to qualify immunity. Having previously concluded that Defendants did not violate Plaintiff's rights, the Court now analyzes and adopts in part United States Magistrate Judge Brian A. Tsuchida's R&R on this issue.

Under the doctrine of qualified immunity, defendants do not enjoy qualified immunity if the facts "[t]aken in the light most favorable to the party asserting the injury" show "the conduct violated a constitution right" and "the right was clearly established" at the time of the alleged violation. *Saucier v. Katz*, 533 U.S. 194, 201 (2001). The Court can address these two prongs in either order. Pearson v. Callahan, 555 U.S. 223, 236 (2009). These inquiries are questions of law. Morales v. Fry, 873 F.3d 817, 819 (9th Cir. 2017).

Concerning Plaintiff's claims regarding the Department of Correction's policy 450.100-IV, state agents, like Defendants, who act in reliance on a duly enacted policy or statute are ordinarily entitled to qualified immunity. *See e.g. Grossman v. City of Portland*, 33 F.3d 1200, 1209 (9th Cir. 1994). The exception involves agents who apply a patently unconstitutional policy or who enforce the policy in an unlawful manner. *Id*. *See also Hope v. Pelzer*, 536 U.S. 730 739 (2002).

Here, the DOC policy is neither patently unconstitutional nor was it enforced in an unlawful manner. No reasonable person would have reason to know that applying the policy to Plaintiff and limiting him to 10 photos per mailing could violate his constitutional rights. Accordingly, the individual Defendants named in their individual capacities are entitled to qualified immunity. The Court dismisses Plaintiff's claims against these Defendants. However, Defendant Department of Corrections, not being an individual state agent sued in his or her official capacity, is not entitled to qualified immunity. *See Harlow v. Fitzgerald*, 457 U.S. 800 (1982). Accordingly, the Court concludes that Plaintiff's claims against agents in their individual capacities are dismissed, but Plaintiff's claims against the Department of Corrections stand.

ORDER - 5

## IV. CONCLUSION

Having reviewed the parties' filings and the remainder of the record, the Court finds and ORDERS that Defendants' Motion for Summary Judgment, Dkt. #78, is DENIED IN PART and GRANTED IN PART. Plaintiff's claims against Defendants Stephen Sinclair, Michael Obenland, Roy Gonzalez, Scott Russell, Carla Schettler, Lee Stemler, and David Heise are DISMISSED with prejudice. Defendants' Motion is DENIED as to Plaintiff's claims against Defendant Department of Corrections.

DATED this 27th day of February, 2024.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE